## MARTIN ANDREWS vs. MARY ANDREWS.

This court will not, on certiorari, determine matters of fact. If parties seek to obtain the opinion of this court of what the law is, upon certain admitted, or established facts, they must state or agree to those facts, and not leave the court to ascertain the truth of the case, by comparing and weighing the testimony of witnesses. The courts below are the proper tribunals to hear the evidence, and decide upon the facts.

A widow cannot recover against the heir at law, or devisee, for the use and occupation of the land of her deceased husband, *merely* because she is entitled

Andrews *v.* Andrews.

and it has not been assigned to her.  He could not be indebted to  the widow for
the use  and  occupation of  the  premises,  unless he  was in  by her sufferance or
permission or at  his  own request

This was an action of debt for use and occupation brought in
the court for the trial of small causes, in the county of Warren.
The defendant, Martin Andrews, obtained a judgment before
the justice, which was appealed from to the Court of Common
Pleas, by the plaintiff.  A judgment was here obtained by Mary
Andrews, which is removed into this court by certiorari.

The defendant, Martin Andrews, was a tenant of his father,
before and at the time of his death, and continued in possession
after that event.  He is devisee of the lands, and the plaintiff,
Mary Andrews, is his mother.  The facts in the case are fully
disclosed in the opinion of the court delivered by the chief jus-
tice.

*Morris* for plaintiff in certiorari.

*Sherrard* for defendant.

HORNBLOWER, C. J.  The certiorari in this case was sub-
mitted to the court, upon what the counsel for the parties, have
called and signed as a state of the case; but upon looking at the
paper, instead of a state of the case, it is a report of what was
testified by the witnesses, on the trial below.  We cannot, upon
certiorari, determine matters of fact.  If parties seek to obtain
the opinion of this court, of what the law is, upon certain ad-
mitted or established facts, they must state and agree to those
facts, and not leave the court to ascertain the truth of the case,
by comparing and weighing the testimony of witnesses.

The case before the court, is that of an action of debt, before
a justice, for use and occupation ; and we are called upon to
decide, not whether such an action will lie, in a case where the
relation of landlord and tenant exists, between the parties ; nor
yet whether certain admitted facts, constitute such a relation ,
but whether, upon the testimony reported to us, the action has
been sustained.  Had we nothing else to guide us, but the case,
as it is called, agreed upon between the parties, I should think
the certiorari ought to be dismissed, or the judgment affirmed,
on the ground, that the court below were the proper tribunal
to hear the evidence, and decide upon the facts.

Andrews *v.* Andrews.

But upon looking into the papers sent up to this court, enough appears to show that this action cannot be maintained.

A widow cannot recover against the heir at law, or devisee, for the use and occupation of the lands of her deceased husband, merely because she is entitled to dower; and it has not been assigned to her. I do not say that a widow, who is in possession of the mansion house and the plantation thereto belonging, and who remains in, because dower has not been assigned to her, may not maintain such an action against her tenant, whether such tenant should happen to be the heir at law, or the devisee, or a stranger; but then the action would be founded upon the contract, either express or implied; and not upon the mere fact that she was entitled to dower in the premises, and that it had not been assigned to her. The fatal objection to this proceeding is, that the state of demand is insufficient. It does not contain or set forth any cause of action. The defendant could not be indebted to the plaintiff, for the use and occupation of the premises, unless he was in by her sufferance or permission, or at his own request. The state of demand, is for one hundred dollars, for the use and occupation of the farm of which her husband died seized, and of which she had not had any dower assigned to her. It neither alleges any promise on the part of the defendant to pay, nor any request to occupy, on his part, or any consent or permission on her part, from which the law could imply such promise. If the state of demand was sufficient, proof of payment of rent, unexplained by the defendant, would perhaps, as insisted by plaintiff's counsel, be sufficient to support the declaration. But it is impossible for the court to say, whether the corn, &c. furnished by the defendant to the plaintiff, was by way of rent, or whether it was a gratuity to his mother, or a mere acknowledgment of, or satisfaction, as far as it went, for her dower. Not one word is said by any of the witnesses, to show that what he furnished her with, was paid by him as rent, or received by her as such. Nothing is proved about rent between them. The defendant, it seems, is the son of the plaintiff and her deceased husband, and devisee of the latter. He held the farm as a tenant under his father, before and at the time of his death; and since that event he has continued in possession as heir at law or devisee in fee. He did not by the

---

death of his father become the tenant of his mother, in such a sense as to make him liable for rent ; nor can she sue him for use and occupation, because she is entitled to dower.

Let the judgment be reversed.